FILED

NOV 10 2015

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DOUG LAIR, STEVE DOGIAKOS, AMERICAN TRADITION PARTNERSHIP, AMERICAN TRADITION PARTNERSHIP PAC, MONTANA RIGHT TO LIFE ASSOCIATION PAC, SWEETGRASS COUNCIL FOR COMMUNITY INTEGRITY, LAKE COUNTY REPUBLICAN CENTRAL COMMITTEE, BEAVERHEAD COUNTY REPUBLICAN CENTRAL COMMITTEE, JAKE OIL LLC, JL OIL LLC, CHAMPION PAINTING INC, and JOHN MILANOVICH, <br><br>Plaintiffs, <br><br>and <br><br>RICK HILL, <br><br>Plaintiff-Intervenor, <br><br>vs. <br><br>JONATHAN MOTL, in his official capacity as Commissioner of Political Practices; TIM FOX, in his official capacity as Attorney General of the State of Montana; and LEO GALLAGHER, in his official capacity as Lewis and Clark County Attorney, <br><br>Defendants. | CV 12–12–H–CCL <br><br>ORDER |

The Court conducted a status conference in this matter on November 10, 2015 in Helena, Montana. Plaintiffs were represented by Anita Milanovich. Defendants were represented by Matthew Cochenour and Dale Schowengerdt. Plaintiff-Intervenor Rick Hill ("Hill") was represented by Matthew Monforton.

Procedurally, this case comes before the Court on remand from the Ninth Circuit Court of Appeals, with instructions to apply the framework set forth in *Montana Right to Life Association v. Eddleman*, 343 F.3d 1085 (9th Cir. 2003), as modified by the United States Supreme Court's decisions in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), and *McCutcheon v. Federal Elections Commission*, 134 S. Ct 1434 (2014), to those portions of Montana Code Annotated § 13-37-216 remaining at issue. *See Lair v. Bullock*, 798 F.3d 736 (9th Cir. 2015). Notably, the Ninth Circuit court indicated in its remand order that Defendants "should have an opportunity to develop a record aimed" at the above standard, though the court "express[ed] no opinion on how the parties should supplement the current record if they choose to do so." *Lair*, 798 F.3d at 748 n.8.

At the status conference, the Court first considered Hill's pending motion to file a supplemental complaint. After discussion with the parties, the Court concluded that it would hold Hill's motion in abeyance and defer ruling until final resolution of the case, or unless substantial changes or unexpected developments occur vis-a-vis the Montana Commissioner of Political Practices' state case

against Hill. Defendants' counsel indicated that he would advise the Commissioner accordingly.

The Court then clarified the difference between this case and the typical civil matter in need of scheduling, pointing out that this is not a new case, but instead is before the Court once again on remand. Accordingly, the usual extensive pretrial procedures are inapplicable. The parties and the Court discussed the extent of further process needed here and, after a thorough discussion and brief recess, the parties agreeably presented to the Court a proposed schedule, which the Court approved with minor additions. That schedule is set forth in paragraph 1 below.

The parties then discussed with the Court their anticipated supplementation of the record, and neither side foresees extensive additions. Defendants suggested that they would offer, to some degree, the record from *Eddleman* to be considered in this matter. Plaintiffs stipulated to admission of the *Eddleman* record, and the Court agreed without objection to receive and consider that record. Of course, the record from all prior proceedings in this case will be considered by the Court going forward as well.

The above having been discussed and agreed, IT IS ORDERED:

1. The following schedule shall govern all further pretrial proceedings:

    | | |
    |---|---|
    | Deadline for disclosing experts pursuant to Fed. R. Civ. P. 23(e): | November 30, 2015 |

| | |
|---|---|
| Discovery deadline: | February 5, 2016 |
| Summary judgment motion deadline: | March 4, 2016 |
| Response deadline: | April 4, 2016 |
| Reply deadline: | April 11, 2016 |
| Hearing on the motions: | April 18, 2016 |
| Motions in limine deadline: | April 29, 2016 |
| Attorney conference to prepare final pretrial order: | week of May 2, 2016 |
| E-file final pretrial order, exhibits proposed findings of fact & conclusions of law, and trial briefs and e-mail to ccl_propord@mtd.uscourts.gov (trial briefs are optional): | May 13, 2016 |
| Final pretrial conference: | May 23, 2016 at 9:30 a.m., Helena Division |
| Bench trial: | May 23, 2016 at 10:00 a.m., Helena Division |

**Continuance of the above deadlines will not be granted, absent compelling reasons.** A continuance of any deadline set by this order does not extend any other deadline. Neither the date set for trial nor the date set to file motions will be altered or changed even if the Court authorizes any other date to be changed.

2. The parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

3. The parties shall file written stipulations and shall include their stipulations in the final pretrial order.

4. All discovery motions and motions in limine shall be fully briefed by the date set forth in paragraph one. "Fully briefed" means that the brief in support, the response brief, and the reply brief (or notice that no reply brief will be filed) are all filed with the Court.

5. During the course of discovery, if counsel objects to either the foundation or the authenticity of a particular document then counsel must make specific objection to opposing counsel in writing within a reasonable time after receiving the document. If a document is produced and the producing party objects either to the foundation or authenticity, the producing party shall so state, in writing, at the time of production.

6. The parties shall file a joint written status report by **January 8, 2016**, notifying the Court of the current status of discovery.

7. Trial of this case shall be conducted in the U.S. Courthouse, Helena, Montana, before the Court sitting without a jury.

8. Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. Expert reports must satisfy the specific requirements of Fed. R. Civ. P. 26(a)(2)(B). **An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed.**

9. Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure. Fed. R. Civ. P. 26(a)(2).

10. Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is incomplete or incorrect, must be disclosed no later

than forty-five (45) days before the date set for trial set forth in paragraph 1.

11. Counsel for the Plaintiffs shall convene an attorneys' conference during the week indicated in paragraph 1, or before, for the purpose of completing the Final Pretrial Order and to exchange exhibits and familiarize themselves with each others' proposed trial exhibits.  See Local Rules 16.4(a) and 16.5(b).  **Any objections to any exhibits or use of deposition testimony shall be included within the pretrial order, stating the grounds for the objections.**  Except for objections to relevance, failure to disclose such an objection is a waiver of the objection.  See Local Rule 16.5(b)(5).  The Final Pretrial Order shall comply with the form prescribed in Local Rule 16.4.  Witnesses listed shall be separated into two groups, indicating those who will testify and those who may be called if needed.  The Final Pretrial Order must comply with the provisions of Fed. R. Civ. P. 26(a)(3).  Pursuant to Local Rule 16.4(b)(5)-(6), the Final Pretrial Order shall contain a statement of case-specific legal contentions and defenses, specifying the elements of each claim or defense that a party intends to present at trial.

12. Once filed, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

13. Counsel for the parties shall appear before the Court for the final pretrial conference on the date and time set forth in paragraph 1.

14. Trial briefs are optional but if filed must be received by the Court on the date indicated in paragraph 1.

15. EXHIBITS:

    (a) Exhibits are to be properly bound in a loose leaf binder and tabbed, and must be exchanged with opposing counsel prior to the final pretrial conference.

    (b) Each exhibit contained in the binders will bear an extended tab showing the number of the exhibit.  The exhibit list must identify those exhibits which the party expects to offer and those which the party may offer if the need arises.  Fed. R. Civ. P. 26(a)(3).

    (c) During discovery, the exhibits shall be numbered seriatim.  Numbers

used for exhibits during discovery shall also be used at trial. Exhibits marked for use at trial that have not been numbered in discovery shall be marked by Plaintiffs using an agreed-upon range of arabic numbers and by Defendants using a different agreed-upon range of arabic numbers.

(d)  Each exhibit document will be paginated, including any attachments thereto. Exhibits shall not be duplicated. An exhibit may be used by either of the parties.

(e)  One copy of the original document exhibits shall be submitted for the exclusive use of the Court, and will be contained in a binder. The binder shall be delivered to the chambers of Judge Lovell on the date set forth in paragraph 1 for the submission of the proposed Final Pretrial Order.

16.  CALLING WITNESSES AT TRIAL:

When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document providing the following information about the witness:

(a)  the full name and current address of the witness;
(b)  a brief description of the nature and substance of the witness's testimony;
(c)  date witness was deposed or statement taken;
(d)  a listing of each exhibit to which the witness may refer during direct examination.

DATED this 10th day of November, 2015.

*/s/ Charles C. Lovell*
Charles C. Lovell
Senior United States District Judge