TIMOTHY C. FOX
Montana Attorney General
DALE SCHOWENGERDT
Solicitor General
MATTHEW T. COCHENOUR
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone:  406-444-2026
Fax:  406-444-3549
dales@mt.gov
mcochenour2@mt.gov

COUNSEL FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| DOUG LAIR, STEVE DOGIAKOS, AMERICAN TRADITION PARTNERSHIP, AMERICAN TRADITION PARTNERSHIP PAC, MONTANA RIGHT TO LIFE ASSOCIATION PAC, SWEETGRASS COUNCIL FOR COMMUNITY INTEGRITY, LAKE COUNTY REPUBLICAN CENTRAL COMMITTEE, BEAVERHEAD COUNTY REPUBLICAN CENTRAL COMMITTEE, JAKE OIL, LLC, JL OIL, LLC, CHAMPION PAINTING, INC., and JOHN MILANOVICH,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>JONATHAN MOTL, in his official capacity as Commissioner of Political Practices; TIM FOX, in his official capacity as Attorney General of the State of Montana; and LEO GALLAGHER, in his official capacity as Lewis and Clark County Attorney,<br><br>　　　　　　　Defendants. | CV 12-12-H-CCL<br><br><br>**DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS** |

EXHIBIT
B

DEPOSITION
EXHIBIT
53

Pursuant to Fed. R. Civ. P. 26 and 36, Defendants respond to Plaintiffs' First Set of Requests for Admissions as follows:

## GENERAL OBJECTIONS

1)      Defendants object to Plaintiffs' "Definitions" and "Instructions" to the extent they attempt to impose obligations or requirements beyond those in the Federal Rules of Civil Procedure.

2)      Defendants object to Plaintiffs' definition of "Corruption" because that is a term that courts have already given significant meaning in the context of contribution limits.   Plaintiffs' definition contains many citations to case law, which gives the impression that the definition is nothing more than a recitation of the United States Supreme Court's definition.   But this is incorrect; Plaintiffs' definition cobbles together selective quotations from Supreme Court opinions (and dissents), while ignoring multiple binding Supreme Court decisions that define "corruption" differently.   At best, Plaintiffs' definition is incomplete.   Even the Court has acknowledged that it has "not always spoken about corruption in a clear or consistent voice."   *McCutcheon v. Federal Election Commn.*, 134 S. Ct. 1434, 1451 (quoting *Citizens United*, 558 U.S. 310, 447 (Stevens, J., dissenting)).   In sum, "Corruption" is a legal term with significance in this case, and defining the scope of the term is for the courts, not Plaintiffs, to determine.

3)      Defendants object that Plaintiffs' discovery requests exceed the scope of discovery contemplated by the parties as expressed in their status reports to the District Court (Docs. 204, 206).

4)      Defendants specifically reserve the right to raise any factual or legal argument in subsequent briefing or motions that circumstances may warrant, regardless of whether the fact or argument has been identified in these responses or any supplemental responses that may come later.   Defendant further reserves the right to raise any factual or legal arguments necessary to respond to arguments or issues raised by Plaintiffs.

## Requests for Admission

1.      Admit that no individual has been convicted of offering a bribe to a Montana public officeholder in the form of a campaign contribution, since October 1994.

**RESPONSE**:   Defendants object to this Request for Admission as it does not appear relevant to narrowing the issues for trial or reasonably calculated to lead to the discovery of admissible evidence.   Defendants further object that the Request is vague and overbroad in that it fails to identify a particular prosecuting agency or jurisdiction.   There are numerous city, state, and federal prosecuting agencies. Subject to these objections and qualification, Defendants admit that they have not

been part of any such conviction.   Based on lack of information, Defendants cannot admit nor deny as to any other entity.

2.   Admit that no political action committee has been convicted of offering a bribe to a Montana public officeholder in the form of a campaign contribution, since October 1994.

**RESPONSE:**   Defendants object to this Request for Admission as it does not appear relevant to narrowing the issues for trial or reasonably calculated to lead to the discovery of admissible evidence.   Defendants further object that the Request is vague and overbroad in that it fails to identify a particular prosecuting agency or jurisdiction.   There are numerous city, state, and federal prosecuting agencies. Subject to these objections and qualification, Defendants admit that they have not been part of any such conviction.   Based on lack of information, Defendants cannot admit nor deny as to any other entity.

3.   Admit that prior to the passage of I-118, political committees were permitted to make direct contributions of $600 to Montana Senate candidates and direct contributions of $300 to Montana House candidates, as well as unlimited "in-kind" contributions.

**RESPONSE:**   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission of a

conclusion of law about what the law was at a point in time.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc. v. City of Los Angeles*, 984 F. Supp. 2d 981, 1019 (C.D. Cal. 2013); *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999).

4.     Admit that prior to the passage of I -118, the limits contained in Mont. Code Ann. § 13-37-216 permitted individuals to contribute to candidates in the following amounts: (i) for candidates filed jointly for the office of governor and lieutenant governor, $1,500; (ii) for a candidate to be elected to state office in a statewide election, $750; (iii) for a candidate for any other public office, $250.

**RESPONSE:**   Defendants object to this Request for Admission because it appears to be an incorrect or incomplete description of Mont. Code Ann. § 13-37-216.   Additionally, Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]"  Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission of a conclusion of law about what the law was at a point in time. Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.

*See e.g., Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

5.      Admit that Defendant Jonathan Motl, in his official capacity as Commissioner of Political Practices, is responsible for investigating alleged violations of the contribution limits in MCA § 13-37-216.

**RESPONSE:**   The Commissioner of Political Practices has the responsibilities and authority set forth in the Montana Code Annotated.   Thus, this Request asks Defendants to provide a legal opinion regarding Montana statutes. Accordingly, Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g., Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.   Defendants further object to this Request as it does not appear relevant to narrowing the issues for trial or reasonably calculated to lead to the discovery of admissible evidence.

6.      Admit that Defendant Jonathan Motl, in his official capacity as Commissioner of Political Practices, may hire attorneys to prosecute alleged violations of the contribution limits in MCA § 13-37-216.

**RESPONSE:**   The Commissioner of Political Practices has the responsibilities and authority set forth in the Montana Code Annotated.   Thus, this Request asks Defendants to provide a legal opinion regarding Montana statutes. Accordingly, Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g., Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.   Defendants further object to this Request as it does not appear relevant to narrowing the issues for trial or reasonably calculated to lead to the discovery of admissible evidence.

7.     Admit that when Defendant Jonathan Motl, in his official capacity as Commissioner of Political Practices, determines that there appears to be sufficient evidence to justify a prosecution of a person for violating the contribution limits in MCA § 13-37-216, he is to notify the county attorney for the county in which the alleged violation occurred.

**RESPONSE:**   The Commissioner of Political Practices has the responsibilities and authority set forth in the Montana Code Annotated.   Thus, this Request asks Defendants to provide a legal opinion regarding Montana statutes.

Accordingly, Defendants object to this Request for Admission because it does not

ask about "facts, the application of law to fact, or opinions about either[.]"  Fed. R.

Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal

conclusion.   Requests seeking admissions or denials as to legal conclusions or

seeking pure opinions of law are not appropriate under Rule 36.  *See e.g., Calop*

*Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*,

60 F. Supp. 2d at 1057.   Defendants further object to this Request as it does not

appear relevant to narrowing the issues for trial or reasonably calculated to lead to

the discovery of admissible evidence.

    8.    Admit that Defendant Leo Gallagher, in his official capacity as Lewis

and Clark County Attorney, has the authority to prosecute alleged violators of the

contribution limits in MCA § 13-37-216, and the authority to investigate the records,

books, and accounts of political committees and candidates.

    **RESPONSE**:   The Lewis and Clark County Attorney has the responsibilities

and authority set forth in the Montana Code Annotated.   Thus, this Request asks

Defendants to provide a legal opinion regarding Montana statutes.   Accordingly,

Defendants object to this Request for Admission because it does not ask about

"facts, the application of law to fact, or opinions about either[.]"  Fed. R. Civ. P. 36.

Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.

Requests seeking admissions or denials as to legal conclusions or seeking pure

opinions of law are not appropriate under Rule 36.  *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.  Defendants further object to this Request as it does not appear relevant to narrowing the issues for trial or reasonably calculated to lead to the discovery of admissible evidence.

9.     Admit that no Montana Governor or Lieutenant Governor has been convicted since October 1994 of accepting a campaign contribution in a *quid pro quo* exchange for voting contrary to his obligations of office.

**RESPONSE:**   Defendants object to this Request for Admission based on its implication that voting is the only official act that may be part of a quid pro quo. Further, this Request does not appear relevant to narrowing the issues for trial or reasonably calculated to lead to the discovery of admissible evidence.   Subject to this objection and qualification, admit.

10.     Admit that no Montana state senator or house representative has been convicted since October 1994 of accepting a campaign contribution in a *quid pro quo* exchange for voting contrary to his obligations of office.

**RESPONSE:**   Defendants object to this Request for Admission based on its implication that voting is the only official act that may be part of a quid pro quo. Further, this Request does not appear relevant to narrowing the issues for trial or reasonably calculated to lead to the discovery of admissible evidence.   Subject to

this objection and qualification, admit.

11.    Admit that it is the intention of defendants Jonathan Motl, Leo
Gallagher, and Tim Fox to apply and enforce the contributions limits in MCA
§ 13-37-216, and to seek imposition of appropriate civil penalties.

**RESPONSE:**   Defendants object to this Request for Admission based on the
vagueness of the word "appropriate."   The penalties that may be imposed for
exceeding contribution limits are set forth in the Montana Code Annotated.
Further, this Request does not appear relevant to narrowing the issues for trial or
reasonably calculated to lead to the discovery of admissible evidence.   Subject to
these objections and qualification, admit.

12.    Admit that a person who violates the contributions limits in MCA
§ 13-37-216 is subject to civil penalty.

**RESPONSE:**   Defendants object to this Request for Admission because it
does not ask about "facts, the application of law to fact, or opinions about either[.]"
Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a
purely legal conclusion.   Admitting or denying this request would require
Defendants to render a legal opinion on the state of the law.   Requests seeking
admissions or denials as to legal conclusions or seeking pure opinions of law are not
appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d
at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

13.     Admit that MCA § 13-37-217, which has been in effect since 1912, was designed to prevent what is today commonly referred to as "contribution laundering."

**RESPONSE:**   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission of a conclusion of law about the purpose underlying a law that was enacted more than 100 years ago.   Admitting or denying this request would require Defendants to research the legislative history of the statute and render a legal opinion.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g., Calop Business Systems, Inc.,* 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.,* 60 F. Supp. 2d at 1057. Plaintiffs have not challenged this statute, and thus, Defendants further object to this Request as it does not appear relevant to narrowing the issues for trial or reasonably calculated to lead to the discovery of admissible evidence.

14.     Admit that since October 1994, MCA § 45-7-101 continues to make bribery in official and political matters a felony.

**RESPONSE:**   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a

purely legal conclusion by asking Defendants to state their understanding of state law.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36. *See e.g., Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

15.   Admit that no Montana public officeholder (beyond the offices of Governor, Lieutenant Governor, state senator or state representative) has been convicted since October 1994 of accepting a campaign contribution in a *quid pro quo* exchange for voting contrary to the obligations of office.

**RESPONSE**:   Defendants object to this Request for Admission based on its implication that voting is the only official act that may be part of a quid pro quo. Defendants object to this Request for Admission as it may not narrow the issues for trial or be relevant or reasonably calculated to lead to the discovery of admissible evidence.   Defendants further object that the Request is vague and overbroad in that it fails to identify a particular prosecuting agency and whether it refers to state or federal jurisdiction.   There are numerous city, state, and federal prosecuting agencies.   Subject to these objections and qualification, Defendants admit that they have not been part of any such conviction.   Based on lack of information, Defendants cannot admit nor deny as to any other entity.

16.     Admit that MCA § 45-7-101 prohibits as bribery a campaign contribution of any amount given to and accepted by a candidate for office in a *quid pro quo* exchange for voting contrary to obligations of office.

**RESPONSE:**   Defendants object to this Request for Admission because it appears to be an incorrect or incomplete description of Mont. Code Ann. § 45-7-101.   Defendants further object to the implication that quid pro quo is limited to bribery and to the implication that voting is the only official act that may be part of a quid pro quo. Additionally, Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion by asking Defendants to state their understanding of state law.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g., Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

17.     Admit that you have no evidence of the dollar level of contribution at which any officeholder in Montana is likely to accept a campaign contribution in a *quid pro quo* exchange for voting contrary to his obligations of office.

**RESPONSE:**   Defendants object to this Request for Admission based on its implication that evidence of a dollar level is required and based on its implication that voting is the only official act that may be part of a quid pro quo.   Deny.

18.   Admit that the testimony of *Eddleman* witnesses show that concerns with *quid pro quo* corruption and the appearance of *quid pro quo* corruption resulting from large campaign contributions was neither the primary concern nor the objective of the proponents in drafting MCA § 13-37-216.

**RESPONSE:**   Defendants incorporate their general objection to Plaintiffs' definition of "corruption" contained in the Definitions.   Subject to this objection, deny.

19.   Admit that a campaign contribution made with the expectation of gaining access to a candidate or officeholder continues, since *Eddleman,* to not be the same as a large campaign contribution offered in a *quid pro quo* exchange for a candidate or officeholder's vote contrary to his obligations of office.

**RESPONSE:**   Defendants object that this Request For Admission is vague and confusing.   Defendants object to this Request for Admission based on its implication that voting is the only official act that may be part of a quid pro quo. Defendants further object to this Request because it does not ask about "facts, the application of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.

Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36. *See e.g., Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

20.   Admit that a personally wealthy candidate is able to contribute an unlimited amount to his own campaign notwithstanding any contribution limits.

**RESPONSE:**   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion by asking Defendants to state their understanding of state law.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g., Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

To the extent this Request could be interpreted as applying law to fact, Defendants qualify their response by stating that all candidates, regardless of personal wealth or lack thereof, can contribute to their own campaigns without being subject to contribution limits.   Subject to the above objections and qualification,

admit.

21.     Admit that without some evidence of actual *quid pro quo* corruption of candidates for *state* office caused by individual or political committee contributions, it is irrational to conclude that there is an appearance of *quid pro quo* corruption from individual or political committee contributions.

**RESPONSE**:   Defendants incorporate their general objection to Plaintiffs' definition of "corruption" contained in the Definitions.   Additionally, Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion. Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

22.     Admit that the fact that a candidate or elected official may alter or reaffirm his own position on issues in response to a campaign contribution is not an example of *quid pro quo* corruption.

**RESPONSE**:   Defendants incorporate their general objection to Plaintiffs' definition of "corruption" contained in the Definitions.   Additionally, Defendants

object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion. Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

23.   Admit that a demonstrated tendency by Montana voters to distrust political action committees is not sufficient evidence of corruption (or the appearance of corruption) to justify limiting contributions to candidates.

**RESPONSE**:   Defendants incorporate their general objection to Plaintiffs' definition of "corruption" contained in the Definitions.   Additionally, Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion. Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises,*

*Inc.*, 60 F. Supp. 2d at 1057.

24.     Admit that increasing the time and effort that must be spent fundraising by candidates of modest means continues, since *Eddleman,* to mean that contribution limits favor wealthy candidates.

**RESPONSE:**   Defendants object that this Request For Admission is vague and confusing.   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36. *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

To the extent this Request could be interpreted as asking about fact or the application of law to fact, deny.

25.     Admit that if a contributor is granted unequal access, or greater access to an officeholder, the fact of unequal or greater access continues, since *Eddleman,* to not, of itself, constitute *quid pro quo* corruption.

**RESPONSE:**   Defendants object that this Request For Admission is vague and confusing.   Defendants incorporate their general objection to Plaintiffs'

definition of "corruption" contained in the Definitions.   Additionally, Defendants

object to this Request for Admission because it does not ask about "facts, the

application of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather,

it impermissibly seeks to compel an admission to a purely legal conclusion.

Admitting or denying this request would require Defendants to render a legal

opinion on the state of the law.   Requests seeking admissions or denials as to legal

conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See*

*e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises,*

*Inc.*, 60 F. Supp. 2d at 1057.

26.   Admit that, if a citizen contributor is granted unequal access, or greater

access to an officeholder, the fact of unequal or greater access continues, since

*Eddleman,* to not, of itself, constitute the basis for a compelling governmental

interest in limiting contributions.

**RESPONSE:**   Defendants object that this Request For Admission is vague

and confusing.   Defendants object to this Request for Admission because it

misstates the legal standard.   Whether there is a "compelling governmental

interest" is not an issue in this case.   Rather, contribution limits are constitutional if

there is a sufficiently important state interest and the limits are closely drawn.

Additionally, Defendants object because it does not ask about "facts, the application

of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather, it

impermissibly seeks to compel an admission to a purely legal conclusion. Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

27.   Admit that Montana voters may not adopt an unconstitutional law any more than may the Montana legislature.

**RESPONSE:**   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

28.   Admit that, a campaign contribution to a candidate for public office continues, since *Eddleman,* to be simply an expression of the contributor's agreement with a voting position already taken by the candidate.

**RESPONSE:**   Defendants object that this Request For Admission is vague and confusing.   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36. *See e.g., Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.   Additionally, Defendants object to this Request based on vagueness.

To the extent this Request could be interpreted as asking about fact or the application of law to fact, deny.

29.   Admit that a contribution to a candidate for public office given simply as an expression of agreement with a voting position already taken by the candidate, continues, since *Eddleman,* to not be *quid pro quo* corruption.

**RESPONSE:**   Defendants object that this Request For Admission is vague and confusing.   Defendants incorporate their general objection to Plaintiffs' definition of "corruption" contained in the Definitions.   Additionally, Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather,

it impermissibly seeks to compel an admission to a purely legal conclusion. Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

30.    Admit that a contribution to a candidate for public office continues, since *Eddleman*, to simply be a possible method of associating with a candidate who shares similar political views.

**RESPONSE:**   Defendants object that this Request For Admission is vague and confusing.   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36. *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

To the extent this Request could be interpreted as asking about fact or the application of law to fact, deny.

31.    Admit that the contribution limits in MCA § 13-37-216 increase the incentives for groups to engage in independent expenditures outside the control of candidates and their campaigns.

**RESPONSE:**   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

Defendants further object based on vagueness as it is unclear what is meant by the phrase "increase the incentives" or the term "groups."   To the extent this Request asks Defendants to admit whether an effect of contribution limits is that "groups" engage in independent spending, Defendants surmise that would depend on the particular group.   Thus, to the extent this Request could be interpreted as asking about fact or the application of law to fact, Defendants lack the information and can neither admit nor deny the Request.

32.    Admit that the contribution limits in MCA § 13-37-216 enhance the relative voice and power of other actors in the political process, such as the news

media and the famous, who are not restrained by such limits.

**RESPONSE:**   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g., Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

Defendants further object based on vagueness as it is unclear what is meant by the phrases "relative voice and power of other actors in the political process" and "the news media and the famous."   Further, Defendants object to the implication that the "news media" and "the famous," regardless of the meaning of those terms, are not subject to contribution limits because the implication is incorrect.   To the extent the "news media" and "the famous" are individuals or political committees, the contribution limits would apply to them.   Based on these objections and qualification, Defendants deny that the news media and the famous are not subject to contribution limits, but can neither admit nor deny the Request due to its vagueness.

33.   Admit that there are Montana state statutes other than the contributions limits in MCA § 13-37-216 which have the purpose of preventing or punishing

bribery.

**RESPONSE:**   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion by asking Defendants to state their understanding of state law.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

34.     Admit that campaign contributions that are not large, when given by an individual or political committee to a candidate, are not corrupting.

**RESPONSE:**   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

35.     Admit that any contributions made by Plaintiffs to candidates are an expression of their political views, and an expression of their desire to associate with others who share those views.

**RESPONSE**:   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

To the extent this Request could be interpreted as asking about facts or the application of law to fact regarding Plaintiffs' subjective intent, Defendants lack the information and can neither admit or deny this Request.

36.     Admit that the contribution limits in MCA § 13-37-216 do not in any way restrict an individual or a political committee from making unlimited independent expenditures advocating the election or defeat of a state candidate.

**RESPONSE**:   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a

purely legal conclusion.   Admitting or denying this request would require
Defendants to render a legal opinion on the state of the law.   Requests seeking
admissions or denials as to legal conclusions or seeking pure opinions of law are not
appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d
at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

     37.     Admit that pursuant to MCA §§ 13-37-225 and 13-37-229, candidates
must disclose and report the names, addresses, occupations, and employers of
contributors and amounts contributed to their campaigns, for all contributions larger
than $35, and political committees must disclose and report all contributions made to
candidates.

     **RESPONSE:**   Defendants object to this Request for Admission because it
does not ask about "facts, the application of law to fact, or opinions about either[.]"
Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a
purely legal conclusion by asking Defendants to state their understanding of state
law.   Admitting or denying this request would require Defendants to render a legal
opinion on the state of the law.   Requests seeking admissions or denials as to legal
conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See
e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises,
Inc.*, 60 F. Supp. 2d at 1057.

38.   Admit that pursuant to MCA §13-37-226(1), candidates for statewide office must disclose and report within 2 business days the receipt of a contribution of $200 or more when received between the 20th day before the election and the day of the election.

**RESPONSE:**   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion by asking Defendants to state their understanding of state law.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

39.   Admit that pursuant to MCA § 13-37-226(2), candidates for the state legislature or a district judge must disclose and report within 2 business days the receipt of a contribution of $100 or more when received between the 17th day before the election and the day of the election.

**RESPONSE:**   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a

purely legal conclusion by asking Defendants to state their understanding of state law.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

40.    Admit that the disclosure of contributions required by MCA §§ 13-37-225, 226(1) and (2), and 229, continues, since *Eddleman,* to lessen the risk that individuals or political committees will spend money to support a candidate as a *quid pro quo* for special treatment after the candidate is in office.

**RESPONSE:**   Defendants object that this Request For Admission is vague and confusing.   Defendants object to this Request for Admission because it does not ask about "facts, the application of law to fact, or opinions about either[.]"   Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a purely legal conclusion.   Admitting or denying this request would require Defendants to render a legal opinion on the state of the law.   Requests seeking admissions or denials as to legal conclusions or seeking pure opinions of law are not appropriate under Rule 36. *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

41.    Admit that the disclosure of contributions required by MCA

§§ 13-37-225, 226(1) and (2), and 229, places a lesser burden on the First

Amendment rights of contributors than do the contribution limits contained in Mont.

Code Ann.§ 13-37-216.

**RESPONSE:**   Defendants object to this Request for Admission because it

does not ask about "facts, the application of law to fact, or opinions about either[.]"

Fed. R. Civ. P. 36.   Rather, it impermissibly seeks to compel an admission to a

purely legal conclusion.   Admitting or denying this request would require

Defendants to render a legal opinion on the state of the law.   Requests seeking

admissions or denials as to legal conclusions or seeking pure opinions of law are not

appropriate under Rule 36.   *See e.g.*, *Calop Business Systems, Inc.*, 984 F. Supp. 2d

at 1019; *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1057.

Respectfully submitted this 20th day of January, 2016.

> TIMOTHY C. FOX
> Montana Attorney General
> MATTHEW T. COCHENOUR
> Assistant Attorney General
> 215 North Sanders
> P.O. Box 201401
> Helena, MT 59620-1401
>
> By: _Matthew T. Cot_
> MATTHEW T. COCHENOUR
> Assistant Attorney General
> Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be mailed and emailed:

Anita Y. Milanovich
THE BOPP LAW FIRM, PC
1627 West Main Street, Suite 294
Bozeman, MT 59715
(406) 589-6856
aymilanovich@bopplaw.com

James Bopp, Jr.
Jeffrey Gallant
THE BOPP LAW FIRM, PC
The National Building
1 South Sixth Street
Terre Haute, IN 47807
(812) 232-2434
(812) 235-3685 (fax)
jboppjr@aol.com
jgallant@bopplaw.com

Dated:   January 20, 2016

_____
MATTHEW T. COCHENOUR
Assistant Attorney General
Counsel for Defendants