Case 6:12-cv-00012-CCL   Document 290   Filed 05/25/16   Page 1 of 4

FILED
MAY 25 2016
Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DOUG LAIR, STEVE DOGIAKOS, AMERICAN TRADITION PARTNERSHIP, AMERICAN TRADITION PARTNERSHIP PAC, MONTANA RIGHT TO LIFE ASSOCIATION PAC, SWEETGRASS COUNCIL FOR COMMUNITY INTEGRITY, LAKE COUNTY REPUBLICAN CENTRAL COMMITTEE, BEAVERHEAD COUNTY REPUBLICAN CENTRAL COMMITTEE, JAKE OIL LLC, JL OIL LLC, and CHAMPION PAINTING INC, <br><br>　　　　　Plaintiffs,<br><br>and<br><br>RICK HILL,<br><br>　　　　　Plaintiff-Intervenor,<br><br>vs.<br><br>JONATHAN MOTL, in his official capacity as Commissioner of Political Practices; TIM FOX, in his official capacity as Attorney General of the State of Montana; and LEO GALLAGHER, in his official capacity as Lewis and Clark County Attorney,<br><br>　　　　　Defendants. | CV 12–12–H–CCL<br><br>ORDER |

-1-

Before the Court is a motion to stay a portion of its May 17, 2016 order declaring Montana's campaign contribution limits, Montana Code Annotated § 13-37-216(1), (2), & (4), unconstitutional, pending Defendants' appeal of that portion. In its May 17, 2016 order the Court referred to the Montana Attorney General the question of whether the Court's declaration of unconstitutionality had the legal effect under Montana law of reinstating the prior limits. The Attorney General responded affirmatively. This legal reality was accepted by the Commissioner who announced that the pre-1994 limits will be enforced, and, anecdotally, political candidates around the state appear willing to abide by the Commissioner's determination. However, as Defendants rightly point out, enforcing the pre-1994 limits actually results in holding political parties to a lower limit than was declared unconstitutionally low in this case. Thus, Defendants seek a stay of the portion of the May 17th order pertaining to the political party limit—the only portion for which Defendants will appeal—so that the Commissioner may enforce the now-unconstitutional, but higher, limit challenged by Plaintiffs in this case.

Accordingly, the Court considers the following four factors in determining whether to issue the requested stay: "(1) whether [Defendants have] made a strong showing [of 'more than a mere possibility' of success] on the merits; (2) whether [Defendants] will be irreparably injured absent a stay; (3) whether issuance of the

stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964, 967 (9th Cir. 2011) (citations omitted).

As to the first factor, while the Court is obviously of a different view than Defendants as to the constitutionality of the contribution limits at issue in this matter, the Court recognizes that Defendants must only demonstrate "more than a mere possibility" of success on appeal in order for the stay to issue. *Id.* at 967 (citations omitted). To be sure, this case involves complicated issues and close calls; Defendants have met their burden on the first factor.

As to factors two and three, there could be some amount of harm and injury to all parties to this matter if a stay were not issued. Defendants would face exposure in attempting to enforce what in this Court's view would be a patently unconstitutional contribution limit on political parties. Likewise, Plaintiffs' position at summary judgment would clearly be undermined if those lower limits governed through the 2016 primary and general election cycles. Granting the stay would therefore ease Defendants' tension and would avoid worsening Plaintiffs' situation.

Finally, the fourth factor also tips in favor of issuing the partial stay. The public's interest lies in having First Amendment protections honored. While neither the pre-1994 political party limits nor the political party limits declared

unconstitutional by the undersigned last week fully comport with those protections, the higher, later limit certainly comes closer to doing so. Issuing the stay will permit the Commissioner to enforce what he sees as the lesser of the two evils. This seems to be a not unreasonable resolution of this case by the Attorney General and the Commissioner, and should promote stability during the partial appeal.

Accordingly, IT IS ORDERED that Defendants' motion for partial stay (Doc. 283) is GRANTED. The Court's May 17th order on the parties' cross-motions for summary judgment (Doc. 278) and Amended Judgment (Doc. 280), only as they pertain to Montana's political party campaign contribution limits, Montana Code Annotated § 13–37–216(3) (2011), are hereby STAYED pending Defendants' appeal of this issue to the Ninth Circuit Court of Appeals. The Court's order and Amended Judgment remain in full force and effect in all other respects.

DATED this 25th day of May, 2016.

Charles C. Lovell
Senior United States District Judge